UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID HARPER,

       Plaintiff,

v.                                                      CASE NO. 6:16-cv-2146-Orl-41JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,[1]

       Defendant.
_____/

## REPORT AND RECOMMENDATION[2]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits. In a decision dated November 5, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Security Act, from September 1, 2012, the alleged disability onset date, through the date of decision. (Tr. 14–27.) Having considered the parties' Joint Memorandum (Doc. 17) and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

## I. Issues on Appeal

The parties state the following broad issue and subissues on appeal:

> Does substantial evidence support the Commissioner's finding that Plaintiff was not disabled because he could perform a significant number of jobs in the national economy?
>
> A. Whether the ALJ applied the correct legal standards to the opinion of Dr. Kollmer.
>
> B. Whether the ALJ applied the correct legal standards to the opinion of Dr. Harris.
>
> C. Whether the ALJ applied the correct legal standards to the opinion of Dr. Atalla.

(*Id.* at 1, 12, 16, 18.)

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   The ALJ's Decision

In his decision, at step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "disorders of the spine; disorders of the right knee; disorders of the feet; obesity; osteoarthritis; affective disorder; and anxiety-related disorders."[3] (Tr. 16.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 17.)  Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following additional physical restrictions:

> [H]e needs to avoid ladders or unprotected heights; he needs to avoid the operation of heavy moving machinery; he is limited to occasional bending, crouching and stooping; he needs to avoid kneeling, squatting and crawling; he needs to avoid the push and pull of arm controls; he needs to avoid the operation of foot controls.
> . . .

(Tr. 19.)

After reviewing the medical evidence, at step four the ALJ found that Plaintiff

---

[3] The sequential evaluation process is described in the ALJ's decision. (Tr. 15–16.)

3

could not perform any of his past relevant work. (Tr. 25.) However, at step five, based on Plaintiff's age (fifty on the alleged disability onset date), education, work experience, and RFC, and considering the testimony of the vocational expert, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25–26.) Therefore, Plaintiff was not disabled. (Tr. 26–27.)

### IV. Analysis

#### A. Dr. Kollmer's Opinions

In *Winschel*, the Eleventh Circuit recognized that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." 631 F.3d at 1179. Otherwise, the reviewing court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*

Plaintiff first argues that the ALJ failed to apply the correct legal standards because he failed to state what weight, if any, he accorded the opinions of treating physician Dr. Charles Kollmer. (Doc. 17 at 12–14.) In pertinent part, Dr. Kollmer opined:

> The patient's restrictions would be to change positions as needed, he can carry up to 20 pounds, he should avoid kneeling, crawling, occasional bending, stooping, and the patient should avoid climbing ladders.

(Tr. 386.)

The ALJ recognized the treatment and opinions of Dr. Kollmer in part as

follows:

> In March 2015, the claimant established orthopedic care for his back and right knee upon relocating to Florida. . . . The orthopedist opined that the claimant's restrictions "would be to change positions as needed, he can carry up to 20 pounds, he should avoid kneeling, crawling, occasional bending, stooping, and [he] should avoid climbing ladders."

(Tr. 21–22)

Although the ALJ noted the opinions of Dr. Kollmer, he failed to state what weight, if any, he gave to those opinions. Because the ALJ did not state with particularity the weight given to Dr. Kollmer's opinions and the reasons therefor, the undersigned recommends that, in accordance with *Winschel*, this Court cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.

Moreover, to the extent the ALJ discounted Dr. Kollmer's opinions, he was required to provide "good cause" for doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014). Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240–41. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Plaintiff argues that Dr. Kollmer's opinion was implicitly discounted without

5

good cause because "Dr. Kollmer's opinion that [Plaintiff] would need to change positions at-will clearly conflicts with the ALJ's [RFC]." (Doc. 17 at 14.) The undersigned agrees that the ALJ did not account in the RFC assessment for Dr. Kollmer's opinion that Plaintiff would need to "change positions as needed." (Tr. 386.) The ALJ also did not provide good cause for discounting this opinion. Therefore, the undersigned recommends that reversal is required.

### B.     Dr. Harris's Opinions

Next, Plaintiff argues that the ALJ failed to apply the correct legal standards to the opinions of examining physician Dr. Maury Harris. (Doc. 17 at 16–17; Tr. 311–17.) The ALJ summarized Dr. Harris's opinions as follows:

> The claimant underwent another internal medicine consultative examination a few weeks later, this time performed by orthopedist Maury Harris, MD (apparently in connection with Workers' Compensation). . . . Dr. Harris opined somewhat vaguely that the claimant had a "mild partial disability of 25%" but stated more specifically that he believed the claimant "can return to work at this time. He is capable of working with restrictions to be placed on no prolonged walking, standing, sitting, and no heavy lifting over 40 pounds" (Exhibit 8F).

(Tr. 21.)

In giving "significant weight" to the opinions of all three consultative examiners, including Dr. Harris and Dr. Sara Atalla, the ALJ stated:

> The independent consultative opinions by Johanina McCormick, PhD, Sara Atalla, DO, and Maury Harris, MD, are given significant weight because their assessments are generally consistent with other evidence of record and were based on in-person examination observations, signs and findings (Exhibits

6

>  6F-8F).

(Tr. 24–25.)

Plaintiff argues that "Dr. Harris' opinion that [Plaintiff] could not perform prolonged walking or standing clearly conflicts with the ALJ's finding that he could perform light work." (Doc. 17 at 17.) Plaintiff notes that "light work" may require "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). The undersigned agrees that, at least without further explanation from the ALJ, the RFC assessment does not appear to account for this portion of Dr. Harris's opinion. The ALJ failed to explain either why he was not adopting a significant restriction opined to by a doctor whose opinion he purportedly gave "significant weight," or alternatively, how the RFC accounted for that restriction. (Tr. 24–25.) Although the ALJ did not have to adopt or give significant weight to the opinion of Dr. Harris, the undersigned recommends that, if the ALJ was going to do so, he should have either explained how the RFC was consistent with this opinion, or explained why he was discounting this part of the opinion. Therefore, reversal and remand is recommended regarding this issue as well.

### C. Dr. Atalla's Opinions

Plaintiff makes a similar argument why reversal is required regarding the opinions of consulting examiner Dr. Atalla. (Doc. 17 at 18–20.) In pertinent part, Dr. Atalla opined that Plaintiff had "moderate limitations in sitting, standing, walking, bending, lifting, carrying objects, and climbing stairs." (Tr. 307.) Plaintiff argues that light work is inconsistent with moderate limitations in walking and

standing. (Doc. 17 at 20.) Although Dr. Atalla's opinion is somewhat vague in this regard, the undersigned agrees that in giving the opinions of Dr. Atalla significant weight, the ALJ should have explained how the RFC assessment was consistent with this opinion, or should have given adequate reasons why this portion of the opinion was being discounted. For this additional reason, reversal and remand is recommended.

### V. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) state with particularity the weight given to Dr. Kollmer's opinions, and why, and if those opinions are discounted, articulate good cause for doing so; (b) explain how the RFC assessment accounts for the opinions of Dr. Harris, or why any such opinions are being discounted; (c) explain how the RFC assessment accounts for the opinions of Dr. Atalla, or why any such opinions are being discounted; (d) reconsider Plaintiff's RFC if appropriate; and (e) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3.      Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on August 10, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Carlos E. Mendoza
United States District Judge

Counsel of Record