UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID HARPER,

       Plaintiff,

v().                                        CASE NO. 6:16-cv-2146-Orl-41JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,[1]

       Defendant.
_____/

### REPORT AND RECOMMENDATION[2]

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Motion for Attorney's Fees ("Motion") (Doc. 21) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Plaintiff makes a timely request for an award of $3,573.52 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $400.00 in costs pursuant to 28 U.S.C. §

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

2412(a)(1).[3]  (Doc. 19.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**.

EAJA sets forth the following requirements for the award of fees and costs:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action.  A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
>
> . . .
>
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.  In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

---

[3] An EAJA motion is timely if made within 30 days of when the judgment becomes final, i.e., non-appealable.  The judgment in this case, entered on November 28, 2017, became non-appealable on January 29, 2018.  See 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is a party).  Therefore, the Motion, filed on January 30, 2018, is timely.

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Additionally, the undersigned recommends that Defendant's position was not substantially justified. Because the Motion is unopposed, Defendant is essentially conceding the same. Moreover, the Report and Recommendation (Doc. 18) adopted by the Court supports this conclusion.

Further, there are no special circumstances which would make the award unjust. In addition, the Motion provides that "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars." (Doc. 21 at 2.) Thus, the undersigned recommends that an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's counsel's rate was $192.67 per hour for work done by two attorneys in 2016, $195.95 per hour for work done by two attorneys in 2017, and $75.00 per hour for work done by one paralegal in 2017.[4] (Doc. 21 at 2.)  As the attorney rates are higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment.  (*Id.* at 8–10.)  The undersigned recommends that the hourly rates are reasonable and that the cost of living adjustment is warranted.  Because the Motion is unopposed, Defendant is essentially conceding the same.  Moreover, based on the undersigned's knowledge of, and familiarity with, reasonable rates in social security appeals, the undersigned recommends that the requested rates are in line with rates typically awarded in similar cases.  *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 431 (11th Cir. 1999) ([T]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations omitted); *Carr v. Comm'r of Soc. Sec.*, Case No. 5:10-cv-658-Oc-TBS, 2012 WL 1090648, *2 n.6 (M.D. Fla. Apr. 2, 2012) (awarding EAJA fees for paralegal time at the rate of $75 per hour).

---

[4] The work performed by the paralegal, i.e., reviewing the transcript and working on the draft brief, is work traditionally done by an attorney.  (*See* Doc. 21 at 15.)  Therefore, the undersigned recommends that it is compensable under EAJA.  *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) ("[P]aralegal time is recoverable as part of a prevailing party's award of attorney's fees and expenses, [but] *only to the extent that the paralegal performs work traditionally done by an attorney.*" (quotations omitted)).

The undersigned also recommends that the number of hours spent by Plaintiff's counsel on the case is reasonable.  Defendant has not challenged the total number of hours or any of the time entries submitted by Plaintiff's counsel.  Additionally, the undersigned has reviewed these time entries and recommends that they are reasonable.  (*See* Doc. 21 at 2, 13–15.)   The undersigned thus recommends that $3,573.52 (($192.67 x 1.8 hours) + ($195.95 x 11.3 hours) + ($75.00 x 13.5 hours)) is a reasonable amount for attorney's fees in this case.  The undersigned further recommends that costs in the amount of $400.00 for the filing of the Complaint are recoverable pursuant to 28 U.S.C. § 2412(a)(1).

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating substantially the following:

"1. The Motion (**Doc. 21**) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,573.52 for attorney's fees and $400.00 for costs.

3. The Commissioner will determine whether Plaintiff owes a debt to the government.  If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel."[5]

---

[5] Plaintiff assigned his right to attorney's fees under EAJA to his attorney.  (Doc. 21-1 at 1.)

**DONE AND ENTERED** at Jacksonville, Florida, on January 31, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Carlos E. Mendoza
United States District Judge

Counsel of Record